PRO SE OFFICE

United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601-4150

**Appeal Docket # 11:CV-09431 (ER)**

7: 11 Civ. 9431 (ER)

| | |
|---|---|
| Bharat Kumar Narumanchi | ) Appeal from 9-20-2011 Order |
| Appellant/Creditor (*Pro Se*) | ) denying lift of stay motion filed |
| | ) by creditor Bharat Narumanchi |
| vs. | ) in Case No. 10-11963 (CGM) |
| | ) |
| St. Vincent's Catholic Medical Centers of | ) |
| New York, *et al* | ) |
| Appellee/Debtor | ) February 13, 2012 |

**APPELLANT'S REPLY BRIEF TO APPELLEE'S (THE DEBTOR) RESPONSE**

1.0     This is Bharat Kumar Narumanchi, the creditor/appellant, in the above-cited appeal.

2.0     The debtor (Appellee), had since filed its 1-27-2012 Brief in Opposition (actually received by me on Tuesday, 1-31-2012). Here is my reply brief.

3.0     I have reviewed very carefully the debtor/appellee's Brief in Opposition, and note that its 23-page response is nothing but repetitious and a regurgitation of its earlier efforts to **thoroughly mislead** the lower court[1], and continue the same strategy with this appellate court now, and in the process to waste my time, energy, and resources, and thus exhaust me, until I completely give up all my causes of action and claims against all the culprits, including the debtor.

---

[1] Please note that the honorable Cecelia G. Morris, the Bankruptcy Judge, in her Order dated 9-20-2011 had crossed out paragraph (2) of the Order that would have otherwise stated: "The Debtor shall not be compelled to arbitrate Narumanchi's grievance related to his termination from the Residency Program"; and also struck
out the phrase "and the Debtors right are reserved with respect to any NLRB Proceedings." from paragraph (4) thereof. (See Appendix "A" in my Opening Brief).

4.0     I may simply state here that "(A)lthough courts are generally limited under adversarial system to addressing the claims and arguments advanced by the parties, federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and, therefore, must raise and decide jurisdictional questions that the parties either overlook or elect not to press. *Henderson ex rel. Henderson v. Shinseki,* 131 S. Ct. 1197, 179 L. Ed. 2d 18 (3-1-2011); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S. Ct. 1235 (2006).

4.1     The *Shinseki* court also ruled that objections to subject-matter jurisdiction may be raised at any time; thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction, *Arbaugh,* 546 U.S. at 508; and indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction, Ibid.

4.2     A rule would be referred to as "jurisdictional" because it governs a court's adjudicatory capacity, i.e. its **subject-matter or personal jurisdiction.** *Shinseki* ibid; also *Reed Elsevier, Inc. v. Muchnick,* 130 S. Ct. 1237, 176 L. Ed. 2d 17 (2010); *Kontrick v. Ryan,* 540 U.S. 443, 124 S. Ct. 906 (2004). This question is not merely semantic but one of considerable practical importance for judges and litigants.

5.0     **Exhausting my grievances and claims against the Debtor/Appellee:** (1) under the Collective Bargaining Agreement (CBA) mandated administrative remedies through Arbitration provisions contained in the CBA; and (2) as per the N.Y. State's highest court (The Court of Appeals) mandate to exhaust the appeal process through the state Public Health Council **are essential before any state or federal court (including the bankruptcy court) could get the proper subject matter jurisdiction.** Debtor/Appellee's continuous Machiavellian efforts to mislead the bankruptcy court and also to misdirect me to file a complaint with NLRB against my former union have been well recognized by the honorable bankruptcy judge.

6.0     The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq (2000 ed. and Supp. V) establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution. The Act, which rests on Congress' authority under the Commerce Clause, supplies not simply a procedural framework applicable in federal courts; it also calls for the application, in state as well as federal courts, of **federal substantive law regarding arbitration,** *Southland Corp. v. Keating,* 465 U.S, 1, 104 S. Ct. 852 (1984).

6.1     A prime objective of an agreement to arbitrate is to achieve "streamlined proceedings and expeditious results." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 633, 105 S. Ct. 3346 (1985).

6.2     In *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 28-29, 111 S. Ct. 1647 (1991), the Supreme Court held that the "mere involvement of an administrative agency in the enforcement of a statute," does not limit private parties' obligation to comply with their arbitration agreements.

      Respectfully submitted.

Dated at Honolulu, Hawaii, this 13th day of February, 2012.

                                                     Appellant/Creditor (*Pro Se*)

*/s/ Bharat K. Narumanchi*

                                                 Bharat Kumar Narumanchi
                                                 2092 Kuhio Avenue, Apt. # 1606
                                                 Honolulu, Hawaii 96815
                                                 Email: Bknaruma@hotmail.com
                                                 Phone: 347-260-9057

### Certification

Certified that a copy of the aforementioned Reply Brief has been forwarded, by first class mail, postage prepaid, this 13th day of February 2012 to:

1)     Attn: Kenneth H. Eckstein/Adam C. Rogoff/Paul B. O'Neill, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, N.Y. 10036;
2)     Attn: David M. Smith, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, N.Y. 10019;
3)     Attn: Serene K. Nakano/Susan D. Golden, U.S. Department of Justice, U.S. Trustee's Office, 33 Whitehall Street (21st floor), New York, N.Y. 10004; and
4)     Chambers of Honorable U.S. District Court Judge, Edgardo Ramos, 300 Quarropas Street, White Plains, N.Y. 10601-4150.

*/s/ Bharat K. Narumanchi*

(Bharat K. Narumanchi)