UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

In re:                                              :
                                                    :
SAINT VINCENTS CATHOLIC MEDICAL                     :
CENTERS OF NEW YORK, *et al.,*                       :
                                                    :
                          Debtors.                  :
                                                    :
———————————————————————            :        **OPINION AND ORDER**
                                                    :        11 Civ. 9431 (ER)
BHARAT KUMAR NARUMANCHI,                             :
                                                    :
                          Appellant,                :
                                                    :
          -against-                                 :
                                                    :
SAINT VINCENTS CATHOLIC MEDICAL                     :
CENTERS OF NEW YORK, *et al.,*                       :
                                                    :
                          Appellees.                :
———————————————————————x

Appearances:

Bharat Kumar Narumanchi
Honolulu, Hawaii
*Appellant, Pro Se*


Frank A. Oswald, Esq.
Brian F. Moore, Esq.
David M. Smith, Esq.
Togut Segal & Segal LLP
New York, New York
*Attorneys for Appellees Saint Vincents Catholic*
*Medical Centers of New York, et al.*

Ramos, D.J.:

        Bharat Kumar Narumanchi ("Narumanchi" or "Appellant") appeals the Order of the

Bankruptcy Court denying his Lift Stay Motion as against Saint Vincents Catholic Medical

Centers of New York, et al. ("Saint Vincents" or "Appellees").  For the reasons set forth below, the order of the Bankruptcy Court is AFFIRMED.

## I.        Background[1]

The following facts are not disputed unless otherwise noted.

Narumanchi is a medical doctor and a former employee of Saint Vincents.  (Appellant's Br. at 3.)  He worked at Saint Vincents from July 1, 2008 to December 31, 2009.  (*Id*.)  While employed there, he was a member of the Committee of Interns and Residents ("CIR"), a collective bargaining unit that was a party to a collective bargaining agreement ("CBA") with Saint Vincents.  (Appellees' Br. at 3.)  Narumanchi was terminated effective December 31, 2009. (Appellant's Br. at 3.)  The circumstances of his termination are disputed.  Appellant asserts that he was terminated "arbitrarily and illegally," (*id*. at 3), while Appellees reply that he was terminated due to "inappropriate and unprofessional behavior."  (Appellees' Br. at 3.)

At Narumanchi's request, CIR filed a grievance against Saint Vincents relating to his termination and requested that it be heard in front of an external—or neutral—arbitrator.  (Bankr. Doc. 1887 at 6.)[2]  CIR and Saint Vincents thereafter agreed to adjourn the arbitration pending confidential negotiations to resolve the grievance.  (Appellees' Br. At 3.)  Those negotiations resulted in a proposed settlement that was rejected by Narumanchi.  (Bankr. Doc. 1968 at 3;

---

[1] In contravention of Rule 8006 of the Federal Rules of Bankruptcy Procedure, Narumanchi failed to submit a statement of issues on appeal.  Fed. R. Bankr. P. 8006.  While Narumanchi's *pro se* status does not absolve him of responsibility to abide by the rules of the Court, in this Circuit the submissions of pro *se* litigants are treated with "special solicitude."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006) (per curiam).  In the instant case, the Court finds that the materials submitted by Narumanchi, including the briefs and transcript of the hearing below, together with the parties' briefs on appeal, provide a sufficient basis to render a decision on this appeal.  The Court also notes, and duly appreciates, that Appellees have characterized Appellants arguments—which are inartfully drafted—in a responsible and professional manner.

[2] "Bankr. Doc." refers to documents filed in the Bankruptcy Court for the Southern District of New York under docket number 10-11963 (CGM).

Appellant's Br. at 4.)[3]  As a result of Narumanchi's rejection of the offer, CIR withdrew its request for arbitration and informed Narumanchi of its action on March 18, 2011.  (Appellant's Br. at 4.)  CIR confirmed its decision by letter to Appellees dated May 27, 2011.  (Bankr. Doc. 1968 at 4.)

On April 14, 2010, Saint Vincents filed for Chapter 11 bankruptcy protection.  (Bankr. Doc. 1887 at 6.)  Narumanchi first filed a proof claim with the Bankruptcy Court on September 24, 2010 in the amount of $24,700.  (Bankr. Doc. 1968 at 4.)  This claim was filed prior to the October 12, 2010 bar date set by the Bankruptcy Court.  (*Id.* at 4 n.3.)  On April 1, 2011, Narumanchi filed a revised claim in the amount of $1,524,700.  (*Id*.)

On August 1, 2011, Narumanchi filed a motion with the Bankruptcy Court for relief from the automatic stay imposed by §362(a) of the Bankruptcy Code, to compel CIR and Saint Vincent to arbitration, and to allow him to pursue his claims against Saint Vincent in state or federal court.  (Bankr. Doc. 1887.)  Saint Vincents objected and responded to Narumanchi's request by a brief filed on September 2, 2011.  (Bankr. Doc. 1968.)  In its response, Saint Vincents argued that a lift of the automatic stay was not appropriate because:  (1) Narumanchi waived his right to arbitration when CIR withdrew from arbitration; (2) Narumanchi could file an unfair labor practices action directly with the National Labor Relations Board ("NLRB")—which proceedings are exempt from the automatic stay provisions; and (3) pursuant to the Second Circuit's decision in *Sonnax Indus., Inc. v. Tri-Component Prods. Corp.,* 907 F.2d 1280 (2d Cir. 1990), Narumanchi was unable to establish the requisite cause to merit lifting of the automatic stay.  (Bankr. Doc. 1968 at 5-9.)  Specifically, Saint Vincents argued the requested relief should not be granted on the basis of Sonnax Factors 4, 7 and 12.  (*Id*. at 9.)

---

[3] According to Narumanchi, CIR and Saint Vincents "cooked up some cockamamie agreement . . . which is detrimental and harmful to the short-term and long-term interests of [A]ppellant's career as a medical doctor." (Appellant's Br. at 4.)

The Bankruptcy Court held a hearing on Narumanchi's motion on September 15, 2011, at which he was allowed to participate by telephone because he lives in Hawaii.  (*See* Tr. of Hr'g, Appellant's Br., Ex. E.)   At the hearing, the Bankruptcy Court denied Narumanchi's motion to lift the stay, holding, in relevant part, that a lift of the stay was not appropriate to allow Narumanchi to compel arbitration or initiate a law suit against Saint Vincents on the basis of *Sonnax* Factors 7 (whether litigation in another forum would prejudice the interest of other creditors) and 12 (the impact of the stay on the parties and balance of harms).  (Appellant's Br., Ex. E at 51-53.)

The Bankruptcy Court made no ruling as to whether or not Narumanchi could proceed against Saint Vincents before the NLRB, as Saint Vincents conceded that such an action was excepted from the automatic stay provisions.  (*Id.* at 46, 53.)  The Bankruptcy Court entered its order denying the lift stay motion on September 20, 2011.  (*Id*., Ex. A.)  Appellant timely filed his notice of appeal on September 26, 2011.  (Bankr. Doc. 2037.)

## II.    Discussion

### A.  Standard of Review

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).  A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo.  Overbaugh v. Household Bank, N.A. (In re Overbaugh),* 559 F.3d 125, 129 (2d Cir. 2009); *see* Fed. R. Bankr. P. 8013 (a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree," and "[f]indings of fact, whether based

on oral or documentary evidence, shall not be set aside unless clearly erroneous").  The authority to lift the automatic stay is within the discretion of the bankruptcy court, and appellate courts will only review the bankruptcy court's ruling for an abuse of that discretion. *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91 (2d Cir. 2003); *Sonnax,* 907 F.2d at 1286.

### B.   The Bankruptcy Court Properly Denied the Lift Stay Motion[4]

Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that:

> [A] petition filed under section 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of . . . the commencement of continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

The automatic stay provision affords a debtor fundamental protection under the Bankruptcy Code.  *See Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986) (stating that the Automatic Stay is "one of the fundamental debtor protections provided by the bankruptcy laws").  One salutary purpose of the automatic stay provision is to allow the bankruptcy court to centralize all disputes concerning the debtor property so that reorganization can proceed efficiently.  *See MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir. 2006); *S.E.C. v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000) (internal citation and quotation marks omitted); *see also In re Ionosphere Clubs, Inc.*, 133 B.R. 5 (S.D.N.Y. 1991).

---

[4] As Appellees correctly note, Narumanchi asserts three issues on appeal:  (1) all of Narumanchi's claims against the Debtors must be consolidated; (2) Narumanchi must be given an opportunity to exhaust various administrative remedies; and (3) this Court should compel the Debtors to arbitrate his grievances.  (Appellees' Br. At 1-2; Appellant's Br. at 1).  However, the only proper question before this Court is whether the Bankruptcy Court abused its discretion in denying Narumanchi's Lift Stay Motion.

Relief from the automatic stay provision is available through § 362(d) of the Bankruptcy Code, which states that a party may be entitled to relief from the automatic stay under certain circumstances.  As relevant to this appeal, § 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . *for cause*, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d) (emphasis added).  Neither Section 362(d)(1) nor the legislative history defines "for cause." *Sonnax*, 907 F.2d at 1285.  In *Sonnax*, however, the Second Circuit adopted twelve factors,[5] first enunciated in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984), which are weighed to determine whether to allow a creditor to continue litigation in another forum.  Only those factors relevant to a particular case need be considered, *Sonnax*, 907 F.2d at 1286, and the Court need not assign them equal weight.  *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994); *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y.1992).  When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate.  *In re M.J. & K. Co., Inc.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y.1993) (citing *City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983)).

---

[5] The factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

907 F.2d at 1286.

In the instant case, the Bankruptcy Court based its determination to deny Appellant's motion on the basis of Factors 7 and 12.[6]  The Bankruptcy Court held:

> The debtors are faced with thousands of claims that . . . have been stayed by this bankruptcy filing, many of which are similar to that of Dr. Narumanchi. Permitting creditors to litigate claims outside of the bankruptcy court is adverse to the purpose of the automatic stay, which is to prevent a chaotic and uncontrolled scramble for the debtors' assets in a variety of uncoordinated proceedings in different courts; to prevent conflicting judgments from different courts; and in order to harmonize all the . . . creditors' interests with one another.

> The debtors . . . have agreed to allow Dr. Narumanchi to file an unfair practices proceeding against the National Labor Relations Board [sic].  In light of this, granting . . . relief from the stay so that Dr. Narumanchi can proceed in state court is unjustified and would be harmful to the estate, the debtor and other creditors.

> . . .

> Without the protection of the stay, the debtors would be subject to unnecessary duplicative litigation that has the potential of depleting what little funds there may be for the distribution to unsecured creditors under a liquidation plans [sic].

(Appellant's Br., Ex. E at 52-53.)

As the Bankruptcy Court noted, Appellees here are faced with "thousands of claims" and limited funds.  Allowing Narumanchi to litigate his claims could prejudice other, similarly situated creditors.  Moreover, as Appellees note, all pre-petition lawsuits which were pending against them at the commencement of the Chapter 11 case have been stayed.  (Appellees' Br. at 14.)  The Appellant proffered no compelling reason why he should have been treated any differently from every other creditor whose assertion of injury was at least as compelling as his. *See Morgan Guar. Trust Co. of New York v. Hellenic Lines, Ltd.*, 38 B.R. 987, 998 (S.D.N.Y. 1984) ("Those who seek to avoid the proscription of § 362 must apply to the court for an order to lift, vacate or modify the automatic stay for good cause shown.") (citing *Johns-Manville Sales*

---

[6] Contrary to Appellees' assertion, the bankruptcy court did not explicitly rely on Factor 4, which requires consideration of whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.  (*See* Appellees' Br. at 9 n.4); *Sonnax*, 907 F.2d at 1286.  In fact, the bankruptcy court specifically declined to rule on the issue of whether the stay needed to be modified as to Appellant's right to seek an NLRB proceeding. (Appellant's Br., Ex. A at 2, Ex. E at 46.)

*Corp. v. Doan (In re Johns-Manville Corp.),* 26 B.R. 919 (Bankr. S.D.N.Y. 1983).  Finally, the Bankruptcy Court found that Narumanchi at least had recourse to the National Labor Relations Board for some satisfaction.  Thus, the stay as to him is not as burdensome as it might be to other creditors who cannot avail themselves of other avenues of relief.

The foregoing findings by the Bankruptcy Court are not clearly erroneous and will not be disturbed.[7]

### III.    Conclusion

For the reasons set forth above, the order and judgment of the Bankruptcy Court, dated September 20, 2011, is AFFIRMED.  The Clerk of the Court is respectfully directed to docket this decision and close the case.

It is SO ORDERED.

Dated:    September 27, 2012
          White Plains, New York

                                                        Edgardo Ramos, U.S.D.J.

---

[7] As stated above, the decision to lift or maintain the automatic stay was left to the discretion of the Bankruptcy Court, and this Court has reviewed that decision for abuse of discretion only.  *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d at 91.  As this Court finds that the Bankruptcy Court did not abuse its discretion, the remaining issues Appellant attempts to raise on this appeal are not properly before the Court and will not be addressed herein.  *See supra* note 4.